IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02125-NRN

DESTINIE A. LICON,

Plaintiff,

v.

ANDREW M. SAUL,[1] Commissioner of Social Security,

Defendant.

---

## OPINION AND ORDER

---

**N. Reid Neureiter**
**United States Magistrate Judge**

The government determined that Plaintiff Destinie A. Licon was not

disabled for purposes of the Social Security Act. (AR[2] 24.) Ms. Licon has asked

this Court to review that decision. The Court has jurisdiction under 42 U.S.C.

§ 405(g), and both parties have agreed to have this case decided by a U.S.

Magistrate Judge under 28 U.S.C. § 636(c). Dkt. #13.

## **Standard of Review**

---

[1] On June 4, 2019, the Senate confirmed Andrew M. Saul as Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M. Saul should be substituted for Nancy A. Berryhill, former Acting Commissioner of Social Security, as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] All references to "AR" refer to the sequentially numbered Administrative Record filed in this case. Dkt. ##11, and 11-1 through 11-11.

In Social Security appeals, the Court reviews the decision of the administrative law judge ("ALJ") to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied. *See Pisciotta v. Astrue,* 500 F.3d 1074, 1075 (10th Cir. 2007). "Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Raymond v. Astrue*, 621 F.3d 1269, 1271–72 (10th Cir. 2009) (internal quotation marks omitted). The Court "should, indeed must, exercise common sense" and "cannot insist on technical perfection." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). The Court cannot reweigh the evidence or its credibility. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

## Background

At the second step of the Commissioner's five-step sequence for making determinations,[3] the ALJ found that Ms. Licon "has the following severe impairments: obesity, learning disorder, right knee degenerative joint disease (DJD), and depression." AR 14. The ALJ then determined at step three that Ms. Licon "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments" in the regulations.

---

[3] The Social Security Administration uses a five-step sequential process for reviewing disability claims. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step process requires the ALJ to consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to her past relevant work; and, if not, (5) could perform other work in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988.) The claimant has the burden of proof through step four; the Social Security Administration has the burden of proof at step five. *Lax*, 489 F.3d at 1084.

AR 15–16. Because he concluded that Ms. Licon did not have an impairment or combination of impairments that meets the severity of the listed impairments, the ALJ found that Ms. Licon has the following residual functional capacity ("RFC"):

> . . . [Ms. Licon] has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) except this person can occasionally crouch, kneel, and crawl; can never climb ladders, ropes, or scaffolds. This person can never be exposed to unprotected heights or hazardous machinery. This person is limited to simple routine tasks with no fast-paced production work and there could be occasional changes to the work setting. The claimant can do work that is limited to GED levels of one (1) or two (2) in Math, Reasoning, and Language.

AR 17–18.

The ALJ found that Ms. Licon had no past relevant work experience. AR 23. The ALJ concluded that "considering [Ms. Licon]'s age, education, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform," including kitchen helper, laundry worker, and bagger. AR 23–24. Accordingly, Ms. Licon was deemed not to have been under a disability from April 16, 2016, through September 28, 2018, the date of the decision. AR 24.

## Analysis

Ms. Licon argues that the ALJ's decision of non-disability was not supported by substantial evidence for the following reasons:

1. The ALJ erred in finding that Ms. Licon did not meet the per se disabling Listing 12.11 for neurodevelopmental disorders, which requires two marked or one extreme limitation; instead, the ALJ found Ms. Licon had, at most, only moderate limitations.

2. The ALJ's erred in discounting Ms. Licon's subjective complaints.

3. The ALJ failed to supplement the record when a consultative examination was needed to determine whether Ms. Licon met or equaled Listing 12.11.

The Court will address each in turn.

**The ALJ's Step Three Analysis**

At step three, the ALJ found that that Ms. Licon "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments[.]" AR 15–16. The Court finds that determination was supported by substantial evidence.

The Commissioner has provided a "Listing of Impairments" which describes certain impairments that are considered disabling. 20 C.F.R. §§ 404.1525(a), 416.925(a) *See also* Pt. 404, Subpt. P, App. 1 (Listing of Impairments). If Ms. Licon's condition meets or equals the severity of a listed impairment, that impairment is conclusively presumed disabling. *See Bowen v. Yuckert*, 482 U.S. 137, 141 (1987) (if claimant's impairment "meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled"). However, the claimant has the burden at step three of demonstrating, through medical evidence, that her impairments "meet *all* of the specified medical criteria" contained in a particular listing." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original). *See also Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993) (burden shifts to Commissioner only at step five). "An impairment that manifests only some of [the listing] criteria, no matter how severely, does not qualify" to meet or equal the listing. *Zebley*, 493 U.S. at 530.

The parties agree that to meet Listing 12.11, both the A and B criteria must be satisfied. 20 C.F.R., Pt. 404, Subpt. P, App. 1, § 12.00A2. Paragraph A requires medical documentation of

> 1. One or both of the following:
>
> a. Frequent distractibility, difficulty sustaining attention, and difficulty organizing tasks; or
>
> b. Hyperactive and impulsive behavior (for example, difficulty remaining seated, talking excessively, difficulty waiting, appearing restless, or behaving as if being "driven by a motor").
>
> 2. Significant difficulties learning and using academic skills; or
>
> 3. Recurrent motor movement or vocalization.

20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 12.11.

Ms. Licon argues that the ALJ should have discussed whether her learning impairment satisfied paragraph A. However, because a claimant must meet *both* paragraph A and B criteria, and the ALJ found that Ms. Licon could not satisfy paragraph B's standards, any failure to also analyze the paragraph A criteria is harmless. In other words, even if Ms. Licon meets these criteria, but cannot satisfy paragraph B, she cannot meet her step three burden.

Paragraph B of Listing 12.11 requires evaluation of each of the four mental functional areas ((1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself), and the paragraph B criteria are only met if Ms. Licon's mental impairments "result in 'extreme' limitation of one, or 'marked' limitation of two, of the four areas of mental functioning." 20 C.F.R., Pt. 404, Subpt. P, App. 1, § 12.00A2b.

The ALJ indisputably discussed in some detail the paragraph B criteria. However, Ms. Licon claims that the ALJ should have, but did not, take into consideration evidence from Ms. Licon's school records in determining whether she met the listing. Ms. Licon also argues that the ALJ's finding that she did not meet Listing 12.11 because she did not have an extreme limitation in one area or marked limitations in two or more areas is not supported by substantial evidence. The Court rejects both arguments.

First, the ALJ did not err by not referring to Ms. Licon's school records in her paragraph B analysis. The records Ms. Licon cites to are from 2009–11, well before the application at issue was filed. The relevance of these dated records is negligible when deciding if Ms. Licon met the listing requirements in 2016. Ms. Licon states that the Program Operations Manual System ("POMS") for Listing 12 specifically provides that relevant evidence includes school records. What the guidelines actually provide is that evidence from school from those who "have recently attended" or are still attending school may be relevant in assessing how a claimant's mental disorder affects her ability to function. *See* POMS DI 34001 032, found at https://secure.ssa.gov/apps10/poms.nsf/lnx/0434001032. Ms. Licon had not recently attended school, and her special education records need not have been analyzed by the ALJ at step three.

Second, the ALJ's findings regarding each of the four areas of mental functioning are supported by substantial evidence. The ALJ concluded that Ms. Licon had only a moderate limitation in understanding, remembering, and applying information, which "refers to the abilities to learn, recall, and use

information to perform work activities." 20 C.F.R. pt. 404, Subpt. P, App. 1, § 12.00(E)(1). In support of this determination, the ALJ noted that while Ms. Licon has some trouble focusing on written instructions and understanding bigger words, she did not need special reminders to take care of her personal needs and grooming, and can perform activities of daily living, including caring for her son, with little trouble. AR 15. The ALJ further pointed to the opinion of Dr. Wanstrath, who opined that Ms. Licon is capable of work needing little to no judgment and involving simple duties.[4] Although Ms. Licon objects to Dr. Wanstrath's opinion because he was a non-examining medical consultant who did not review Ms. Licon's education records, she does not point to any countervailing medical opinion evidence that undermines his conclusion, a conclusion that is consistent with the administrative record as a whole and the ALJ's RFC. *Id.*, AR 17–18.

In assigning a moderate limitation in the area of concentrating, persisting or maintaining pace, the ALJ acknowledged that Ms. Licon stated that she needed help with cooking when depressed, but pointed to a Function Report in which Ms. Licon reported no problems with concentration and completing tasks, including cooking, washing dishes, sweeping, mopping, and doing laundry. AR 15–16. Ms. Licon watched television, played music, used the telephone, and on exams, had normal insight and judgment. AR 16. Moreover, the finding was consistent with Dr. Wanstrath's medical opinion. *Id.* Ms. Licon contends that her

---

[4] As the ALJ recognized, Dr. Wanstrath evaluated Ms. Licon under the prior paragraph B criteria. *See* AR 22.

educational history undercuts the ALJ's finding. But again, those records are of little probative value and, in any event, the Court does not reweigh evidence on appeal, it merely determines whether the ALJ's decision was supported by substantial evidence. In this case, it was.

Finally, the ALJ did not err in finding that Ms. Licon had a moderate limitation in adapting or managing oneself. AR 16. While Ms. Licon lives with her mother, that is not due to her neurodevelopmental limitations but because she experiences depression and suicidal ideation. She can manage her medications and perform daily activities. Ms. Licon points out that she cannot manage money and has never held a job outside of babysitting. But she cannot point to any medical opinion evidence that mandates a marked or extreme rating in this area, and the fact that other evidence could support a different conclusion does not, on its own, justify reversal.

Accordingly, the Court finds that the ALJ's step three analysis was supported by substantial evidence.

### The ALJ's Credibility Determination

In formulating her RFC, the ALJ found that Ms. Licon's medically determinable impairments could reasonably be expected to cause some of the symptoms, but her statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record. AR 18–19. Although "credibility determinations are peculiarly the province of the finder of fact and should not be upset if supported by substantial evidence" *Kepler v. Chater*, 68 F.3d 387, 390–91 (10th

Cir. 1995), the ALJ must expressly link his credibility assessment to specific evidence in the record. *Id.* at 910. *See also Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

Ms. Licon focuses her challenge on her documented learning disability, but at this step, the ALJ did consider her school records and found that while her academic skills fell within "the very low range," she nonetheless "demonstrated adequate expressive and receptive skills"; her articulation, fluency, and voice skills were judged to be within normal limits; and her independent living skills "fell in the solid average range." AR 20. The ALJ also found that Ms. Licon could perform activities of daily living, including caring for her child, preparing meals daily, cleaning and doing laundry, and shopping, and reported no problems with memory, completing tasks, understanding or following instructions AR 21. This supports that the ALJ's conclusion that Ms. Licon can and does function independently. Moreover, the ALJ noted that Ms. Licon does not regularly treat for symptoms of her mental health limitations, which is relevant to a credibility determination.

### Supplementing the Record

Finally, Ms. Licon argues that the ALJ should have ordered a consultative examination to determine whether Ms. Licon met or medically equaled Listing 12.11. The Court disagrees. In cases where the claimant is represented by counsel at the hearing before the ALJ, "the ALJ should ordinarily be entitled to rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims are adequately explored, and the ALJ may ordinarily

require counsel to identify the issue or issues requiring further development."

*Branum v. Barnhart*, 385 F.3d 1268, 1271 (10th Cir. 2004) (quotation and citation omitted). "In the absence of such a request by counsel, [the Tenth Circuit] will not impose a duty on the ALJ to order a consultative examination unless the need for one is clearly established in the record." *Hawkins v. Chater*, 113 F.3d 1162, 1168 (10th Cir. 1997). Here, Ms. Licon was represented by experienced counsel, and the record does not clearly establish the need for a consultative examination.

## Conclusion

For the reasons set forth above, the Commissioner's decision is

**AFFIRMED**.

Dated this 3rd day of April, 2020.

BY THE COURT:

N. Reid Neureiter
United States Magistrate Judge